12-4763
Chen v. Holder

BIA
Segal, IJ
A029 822 176

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand fourteen.

PRESENT:
　　　　JON O. NEWMAN,
　　　　DENNIS JACOBS,
　　　　PIERRE N. LEVAL,
　　　　　　*Circuit Judges.*
_____

MING JIE CHEN,
　　　　*Petitioner,*

　　　v.　　　　　　　　　　　　　　　　12-4763
　　　　　　　　　　　　　　　　　　　　NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent.*
_____

FOR PETITIONER:　　　　Gary J. Yerman, New York, New York.

FOR RESPONDENT:　　　　Stuart F. Delery, Assistant Attorney General; Ada E. Bosque, Senior

08152014-B3-2

**Litigation Counsel; Puneet Cheema, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and in part DISMISSED.

Ming Jie Chen, a native and citizen of China, seeks review of a November 8, 2012, decision of the BIA affirming the December 29, 2010, decision of Immigration Judge ("IJ") Alice Segal, denying his applications for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. *In re Ming Jie Chen*, No. A029 822 176 (B.I.A. Nov. 8, 2012), *aff'g* No. A029 822 176 (Immig. Ct. N.Y. City Dec. 29, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See*

8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**<u>Asylum, Withholding of Removal, and CAT Relief</u>**

Chen applied for asylum, withholding of removal, and CAT relief based, in part, on his claim that he fears persecution because he has had two children in violation of China's population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008), we find no error in the agency's determination that Chen failed to demonstrate his eligibility for relief. *See id.* at 158-72. The testimony at Chen's hearing indicated that the elder of his two U.S. citizen daughters, who was eighteen years old at the time of his 2010 hearing, would not necessarily accompany him if he were removed to China, and that the country conditions evidence indicates that Chinese nationals with more than one child do not violate the family planning policy if all but one of their children reside overseas. *See id.* at 143, 170.

We further find no error in the agency's determination that Chen failed to demonstrate his eligibility for CAT relief based on his illegal departure from China. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d

Cir. 2005) (finding that a petitioner is not "entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China.").

**<u>Cancellation of Removal</u>**

We lack jurisdiction to review the agency's "determination of whether exceptional and extremely unusual hardship is present for the purposes of cancellation of removal . . ., except in those rare cases where the BIA decision on whether this kind of hardship exists is made without rational justification or based on an erroneous legal standard, or rests on fact-finding which is flawed by an error of law." *Mendez v. Holder*, 566 F.3d 316, 322 (2d Cir. 2009) (internal quotation marks and citations omitted). However, we retain jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). We lack jurisdiction to review any legal argument that "does not even reach the level of being colorable." *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008).

Chen does not raise a colorable question of law. Contrary to his contention, the agency explicitly considered Chen's alleged hardship factors cumulatively. *See In re*

08152014-B3-2

4

*Monreal-Aguinaga*, 23 I. & N. Dec. 56, 64-65 (BIA 2001). In addition, because the record contains evidence to support the agency's determination that Chen's eldest U.S. citizen daughter would remain in the United States if he were removed, his challenge to that finding merely quarrels with the correctness of the IJ's factual findings. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). Accordingly, his petition for review is dismissed for lack of jurisdiction to the extent that it challenges the agency's denial of cancellation of removal. *See Mendez*, 566 F.3d at 322; *see also Barco-Sandoval*, 516 F.3d at 40.

For the foregoing reasons, this petition for review is DENIED in part and in part DISMISSED. As we have completed our review, any stay of removal that the Court previously granted in this petitions is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

08152014-B3-2

5